O’BRIEN, J.,
On January 28, 1987, this court entered an order directing defendant mother to pay $40 biweekly for the support of two children who were in foster care with plaintiff agency. On May 10, 1989, President Judge James R. Marsh filed a decree nisi granting plaintiff agency’s petition to terminate the parental rights of defendant mother to her children. Defendant filed exceptions to the decree nisi which were dismissed by the trial court on August 11, 1989. The mother filed a timely appeal and on July 27, 1990, the Superior Court affirmed the decision of the trial court terminating the mother’s parental rights (In re J.W., A.W., V. W, and J. W, Minor Children Appeal of Joanne Werkheiser, 396 Pa. Super. 379, 578 A.2d 952 (1990)). On October 30, 1990, this court approved the recommendation of the support master to suspend the mother’s support obligation effective July 27, 1990, the date of the Superior Court affirmance. Defendant mother has filed timely exceptions to this recommendation which are now before the court for disposition.
While the failure of counsel for defendant to file a petition to terminate the support order in a timely fashion may alone be a basis to deny the exceptions, the issue articulated is of such importance that a resolution on the merits is appropriate. Counsel for defendant argues that since the obligation of support is imposed solely on a parent (23 Pa.C.S. §4321), the entry of an order of termination of parental rights by a court of common pleas automatically terminates *623 the obligation of the parent to pay support. While counsel for defendant erroneously alleges that this termination occurred on the date of the decree nisi (May 10, 1989), the argument does become pertinent upon the entry of the final decree by the trial court (August 11, 1989). Thus the question framed is whether mother’s appeal to the Superior Court effected a supersedeas of the trial court’s order terminating her parental rights. If a supersedeas was effected by the appeal, the obligation of support would continue until disposition by the appellate court. On the other hand, if a supersedeas was not effected, then the obligation of support would terminate on the date of the final decree by the trial court.
Neither counsel has presented any authority resolving this question and our research discloses that this may be an issue of first impression in this Commonwealth. Our inquiry must commence with consideration of the nature of .the proceeding adjudicated by the Orphans’ Court Division of this court. The involuntary termination of parental rights which was adjudicated by our Orphans’ Court Division at Orphans’ Court no. 10,970 is authorized by Subchapter B of the “Adoption Act.” 23 Pa.C.S. §2511. The Adoption Act provides in further pertinent part as follows:
“(a) Adoption proceeding rights extinguished — A decree terminating all rights of a parent or a decree terminating all rights and duties of a parent entered by a court of competent jurisdiction shall extinguish the power or the right of the parent to object to or receive notice of adoption proceedings.” 23 Pa.C.S. §2521.
Our Supreme Court has held In re Male Infant B.E., 474 Pa. 139, 377 A.2d 153 (1977), that a petition for termination of parental rights may only be brought when adoption is contemplated. Thus it *624 is apparent that the involuntary termination proceeding is merely the initial phase of a two-step proceeding resulting in a decree of adoption by an Orphans’ Court. The sole purpose of this two-step proceeding is to effect the transfer of a dependent or neglected child to the loving care of adoptive parents.
The Judicial Code provides in pertinent part that “an appeal shall operate as a supersedeas to the extent and upon the conditions provided or prescribed by law.” 42 Pa.C.S. §5105(e). Chapter 17 of the Rules of Appellate Procedure also provides as follows:
“(a) General Rule. Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.” Pa.R.A.P. 1701.
Since there is no other provision in the aforesaid rules dealing with the type of proceeding at issue, the mother’s action in filing an appeal from the decree of the trial court terminating her parental rights precluded the trial court from proceeding with the adoption proceedings which necessarily follow the termination proceeding. Therefore, we hold that an appeal from a decree of an Orphans’ Court Division terminating parental rights effects a super-sedeas of that decree and the status of parenthood continues until such time as the appeal is decided. It logically follows that the obligation of support also continues until the appeal has been finally adjudicated.
We believe that this ruling is consistent with the practical reality that the child must remain in foster care pending determination of the appellate issues and the parent should be liable to pay support during that period of time. This ruling is also consistent *625 with the absolute finality accorded to adoption proceedings by our Supreme Court. In re Baby Boy Benjamin, 452 Pa. 149, 305 A.2d 360 (1973).
ORDER
And now, January 15, 1991, the exceptions of Phyllis J. Werkheiser to the recommendation of the support master are dismissed and the prior order of this court filed October 30, 1990 is affirmed as the final order in this proceeding.